# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GRECIAN GILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No. |
| | ) |
| DENIS McDONOUGH, Secretary | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Grecian Gill, by and through her undersigned counsel, and files this Complaint for damages for her causes of action against Defendant the United States Department of Veterans Affairs. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.

2. As this Complaint asserts federal causes of action arising under the laws of the United States, jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

3. Plaintiff was employed by the Defendant in Kansas City, Missouri. Pursuant to 28 U.S.C. § 139, venue properly lies in this judicial district in that the alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Missouri, specifically in Kansas City, Missouri, and the Defendant is a government employer who is subject to the jurisdiction of this Court.

## PARTIES

4. Plaintiff, Grecian Gill, is a United States citizen. She resides in the greater Kansas City area.

5. Plaintiff is an African American female who has participated in protected activity.

6. Defendant McDonough, in his capacity as Secretary of the VA, is located in Washington, D.C.

7. The United States of America and its Agency, United States Department of Veterans Affairs, Kansas City Veterans Administration Hospital (hereafter "KCVA") is located at 4801 Linwood Blvd., Kansas City, Missouri.

## ADMINISTRATIVE PROCEDURES

8. After initiating an informal administrative complaint on February 6, 2020, Plaintiff received her Notice of Right to File Formal Complaint on April 9, 2020. She timely filed her formal complaint on April 22, 2020. That administrative Complaint of Discrimination was assigned Case No. 200J-0589-2020102237.

9. Plaintiff's administrative Complaints of Discrimination alleged that she was discriminated against on the basis of her race, color, sex, reprisal, and retaliation because of prior protected activity.

10. Plaintiff has exhausted all administrative remedies in that on March 15, 2021, Defendant issued its Final Agency Decision on Plaintiff's claims.

11. Plaintiff timely filed this lawsuit within 90 days of the receipt of the Final Agency Decision.

12. All of Plaintiff's claims alleged in this Complaint were considered during the administrative investigation of her administrative Complaints of Discrimination and they

reasonably followed from the allegations contained in the administrative complaints of discrimination, reprisal, and retaliation.

13. Pursuant to 42 U.S.C. § 2000e-16(c), Plaintiff therefore invokes her right to bring this civil action in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

## ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff is an African American female.

15. Plaintiff was hired as a Medical Support Assistant ("MSA") GS5 at the KCVA. She was still in her probationary period of one year when the Agency terminated her.

16. Plaintiff worked in the Radiology department of the KCVA as a Medical Support Assistant.

17. Ms. Gill received Fully Successful evaluations in both her mid-year (March) performance appraisal and her year-end appraisal in November 2020.

18. On January 5, 2021, Ms. Gill filed a complaint of harassment against Officer Hendricks of the KCVA police department.

19. On that morning, Ms. Gill arrived timely to the MRI door but the door was still locked. She called the VA police to open door.

20. She had just had surgery on her foot so traversing the hill to the emergency room department was very difficult for her. After no one came to open the door, she limped to the Emergency Entrance and asked to speak to a supervisor about the door.

21. Ms. Gill explained that she had just had surgery and would be grateful if they would open the door to her area timely for her shift.

22. Officer Hendricks became aggressive with Ms. Gill. He demanded her identification badge, sought her name, followed her to the elevator and stuck his foot in it to keep

3

the doors from closing. He followed Ms. Gill onto the elevator, followed her to the Radiology department, and followed her to her desk.

23. Ms. Gill was frightened and called a colleague. During the call, Officer Hendricks invaded her personal space and berated her about the time the door had to be opened.

24. At that time, Ms. Gill texted her supervisor, Courtney Mitchell, about this event. She told Ms. Mitchell that Officer Hendricks was harassing her.

25. Ms. Mitchell asked why Ms. Gill was being detained, as if Ms. Gill had done something wrong.

26. Ms. Gill filed a complaint of harassment regarding Officer Hendricks.

27. Plaintiff believes the KCVA retaliated against Ms. Gill because of her report of harassment.

28. On January 11, 2020, the Kansas City area was experiencing a severe winter storm, dropping 8–12 inches of snow across the metropolitan area. Snow and ice created dangerous conditions for those who were required to commute.

29. Official policy of the KCVA was that non-essential employees were to be granted annual or comp time for weather-related leave requests. Essential employees who failed to arrive could, at the supervisor's discretion, be given AWOL or Leave without Pay for failing to go to work.

30. The practice in the radiology department had always been that if there were no more patients scheduled in radiology, the employees could submit leave slips and leave work. Ms. Gill followed that practice on January 11, 2020.

31. At no time was a change in policy regarding leave communicated to Ms. Gill.

4

32. On January 11, 2020, the radiology department had one patient scheduled at 9:00 a.m. Thereafter, all of the other patients' appointments were rescheduled because of the inclement weather. There were no patients scheduled that day and Ms. Gill, as an MSA, was not a health care provider and was considered "non-essential" to hospital functions under the inclement weather policy.

33. At 10:00 a.m., all of the other employees in the Radiology department left due to the worsening weather. Even those who were care providers and therefore considered "essential" to hospital functions left the department.

34. Ms. Gill submitted a request for leave. It was read by her supervisor but received no response. Ms. Gill also texted her supervisor. At 11:30, her supervisor texted her back and asked if there were any more patients. Ms. Gill responded that there were not and that the techs were gone. Her supervisor did not respond.

35. Approximately a half hour later, Ms. Gill again texted her supervisor telling her that it was getting worse out and she was heading home. Again, her supervisor did not respond to her text.

36. No business need existed for Ms. Gill's services as there were no other patients for the rest of the shift. She had both annual leave and comp time available at the time of the request.

37. No employee was called in to cover the vacancy left by Ms. Gill's leaving.

38. The next week, on or about January 17, 202, Ms. Gill received an email that she was being charged with AWOL for leaving the hospital early on January 11, 2020. She was told, seven days after submitting her leave slip, that it was not approved. Although everyone in the department left that day, Ms. Gill was the only employee who was charged with AWOL.

5

Case 4:21-cv-00411-LMC   Document 1   Filed 06/14/21   Page 5 of 11

39. All of the Caucasian employees in the radiology department were allowed to take leave, even those who were "essential" employees.

40. On February 4, 2020, Ms. Gill was terminated from her probationary position due to racial discrimination.

41. In the termination letter, the Agency indicated that Ms. Gill was being terminated because of the AWOL as well as "discipline" prior to the January 11, 2020 inclement weather situation.

42. These allegations are untrue. Ms. Gill never received any discipline or counseling.

43. Less than 60 days before this event, Ms. Gill received a "Fully Successful" performance rating. She received that rating on November 19, 2019. She had a positive leave balance, had not used excessive leave, and had sufficient leave available to her to take the leave she requested.

44. The Agency also falsely claimed that Ms. Gill had been discourteous in her interactions with colleagues and customers.

45. Ms. Gill was never required to sign anything that would indicate that she had been less than professional, never been given an employee improvement plan or other type of improvement protocol or training, and had never even been told to visit the VA's iCARE values statement. She was never counseled or disciplined for her interactions.

46. Ms. Gill received a Fully Successful rating on her evaluation in both Customer Service and Professional Accountability on both her Mid-Year and Year End performance appraisals.

47. Plaintiff was terminated due to her race, color, sex, national origin and in reprisal for her protected activity.

48. Upon information and belief, the KCVA has a pattern or practice of punishing African Americans more harshly for rule violations than Caucasian workers.

49. According to the Human Relations department of the KCVA, 60% of those fired for AWOL are African Americans. Upon information and belief, the KCVA has a pattern or practice of charging African American workers with AWOL for situations in which Caucasians are not so charged.

50. Upon information and belief, the KCVA routinely falsely charges African American workers with AWOL as a pattern or practice of discrimination and disparate treatment.

51. Plaintiff filed complaints of harassment, discrimination, and reprisal. The Agency accepted for investigation two claims: Whether Plaintiff was subjected to discrimination based on race (Black) when:

    a. On January 11, 2020, she was charged AWOL.

    b. On February 4, 2020 she was terminated from her probationary position.

52. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

## COUNT 1: RACE DISCRIMINATION AND SEX DISCRIMINATION
### DISPARATE TREATMENT

53. Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1–52.

54. Plaintiff, an African American female, is a member of a protected class.

7

Case 4:21-cv-00411-LMC   Document 1   Filed 06/14/21   Page 7 of 11

55. She was qualified for the position she held at the KCVA and met her employer's legitimate performance expectations.

56. Plaintiff suffered adverse job actions when management engaged in the actions including but not limited to:

    a. Terminated Plaintiff from her employment following her complaints of discrimination;

    b. Gave Plaintiff an AWOL regarding the events of January 11, 2020;

    c. Began undermining her work so that she could not be successful;

    d. Made false allegations regarding Plaintiff's work and conduct;

    e. Other events as set forth in the Statement of Facts.

57. The Agency and Management Officials treated similarly situated Caucasian employees more favorably than they did Plaintiff.

58. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

**COUNT 2 HOSTILE ENVIRONMENT BASED ON RACE, COLOR AND NATIONAL ORIGIN**
**ALL DEFENDANTS**

59. Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1–58.

60. During the course of Plaintiff's employment with the Defendant, Plaintiff experienced a hostile environment based upon her race, color, and national origin in that:

    a. Plaintiff was subjected to harassment;

  b. The harassment was unwelcome;

  c. The harassment was based upon Plaintiff's race;

  d. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

  e. At the time the harassment occurred and as a result of it, Plaintiff believed the work environment to be hostile or abusive;

  f. Defendants knew or should have known of the harassment; and

  g. Defendants failed to take prompt, appropriate corrective action to end the harassment.

61. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

## COUNT 3: RETALIATION
## ALL DEFENDANTS

62. Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1–61.

63. Plaintiff complained to Defendants her concerns that she was being discriminated against directly and through her EEO informal counseling that occurred in September 2020 as well as her later formal complaint.

64. Plaintiff reasonably believed that she was being harassed and/or discriminated against on the basis of race and sex or age.

65. Defendant engaged in adverse actions against the Plaintiff including but not limited to the following actions:

    a. Terminating Plaintiff from her employment following her complaints of discrimination;

    b. Charging Plaintiff with AWOL when similarly situated Caucasian employees were not so charged;

    c. Undermining her work so that she could not be successful;

    d. Other events as set forth in the Statement of Facts.

66. Plaintiff's complaints of racial- and sex-based harassment and/or discrimination were contributing and/or motivating factors in the adverse actions taken against Plaintiff.

67. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Issue judgment against the Defendants for all the damages that Plaintiff has incurred, including without limitation, physical and personal injury, emotional distress, back pay, future pay, lost earnings, lost earning capacity, special damages, and all compensatory damages to which the Plaintiff is entitled;

2. Issue judgment against the Defendants for equitable or injunctive relief including returning Plaintiff to a position commensurate to that from which she was terminated;

3. Award Plaintiff her reasonable attorneys' fees, costs, and expenses;

4. Award to Plaintiff any and all such further relief as may be equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*/s/ Rebecca M. Randles*
REBECCA M. RANDLES					MO #40149
**RANDLES MATA, LLC**
851 NW 45th Street
Suite 310
Kansas City, Missouri 64116
(816) 931-9901
(816) 931-0134 (FAX)
rebecca@randlesmatalaw.com

Attorney for Plaintiff